Citation Nr: 1826234 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 10-41 359 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Entitlement to service connection for a back disability.

2. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), depression, and anxiety.


REPRESENTATION

Appellant represented by: Sean Kendall, Attorney at Law


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

R.M.K., Counsel


INTRODUCTION

The Veteran served on active duty from February 1990 to February 1995. He had subsequent service in the Army National Guard from August 2005 to February 2007.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision of the Department of Veterans Affairs (VA) regional office (RO) in Boise, Idaho. A July 2010 rating decision continued the denial of service connection for a dysthymic disorder. Jurisdiction was subsequently transferred to the RO in Denver, Colorado.

In August 2012 the Veteran testified before the undersigned Veterans Law Judge at a travel Board hearing at the RO in Boise, Idaho. A transcript of the proceeding has been associated with the electronic claims file.

When this case was previously before the Board in February 2017, it was remanded for additional evidentiary development. It has since been returned to the Board for further appellate action.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

At the outset the Board notes again that the Veteran submitted a private opinion from Dr. D. in May 2016. The AOJ has never addressed that May 2016 opinion in any supplemental statement of the case, and neither the Veteran nor his attorney have waived original jurisdiction over that document at this time. 

While the Board is cognizant that 38 U.S.C.A. § 7105 (e) provides an automatic waiver of initial AOJ review if a veteran submits evidence to the AOJ or the Board with, or after submission of, a substantive appeal in cases where the substantive appeal was filed on or after February 2, 2013, see 38 U.S.C.A. § 7105 (e) (West 2014); see also VA Fast Letter 14-02 (May 2, 2014), the Board finds that an automatic waiver of jurisdiction cannot be applied in this case as the Veteran's substantive appeal was received prior to February 2, 2013, and therefore, the provision of automatic waiver is not applicable in this case. Consequently, the Board must again remand the case in order for the AOJ to address the May 2016 opinion. See Stegall v. West, 11 Vet. App. 269 (1998).

The Veteran asserts that he has a back disability that was incurred in service when he fell off a porch while moving a washing machine that landed on top of him (and that he landed on his right hip area).

The Veteran also claims that he has an acquired psychiatric disorder, to include PTSD, depression, and/or anxiety, that was caused by the events leading up to his court martial trial in service, including alleged personal assaults such as being electrocuted with a stun gun and burned with cigarettes. He also asserts that on one occasion in service, he had to walk through raw sewage (which assignment he indicates was a form of informal punishment).

In the February 2017 remand, the Board found that the Veteran should be afforded VA examinations to address the etiology of his claimed disabilities. Subsequently, VA examinations were ordered at the Colorado Springs location; however, in February and March 2018 correspondence from the Veteran's attorney, it was noted that he could not attend the examinations as he was not allowed at the Colorado Springs location. The attorney stated that the Veteran never refused an examination and that he would go to a scheduled examination if at a VA location that was not Colorado Springs. 

In claims for service connection, failure to report to any scheduled examination, without good cause, may result in denial of the claim (as the original claim will be considered on the basis of the evidence of record). See 38 C.F.R. § 3.655. As the Veteran has shown good cause for cancelling his examination, due to not being allowed at the Colorado Springs location, and the attorney's subsequent request for an examination, the Board finds that additional examinations should be rescheduled. 

The Veteran however is notified that it is his responsibility to report for any examination and to cooperate in the development of the case, and that the consequences of failure to report for a VA examination without good cause may include denial of the claims. 38 C.F.R. §§ 3.158, 3.655. The Board notes that "[T]he duty to assist is not always a one-way street. If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." Wood v. Derwinski, 1 Vet. App. 190, 193 (1991).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the current nature and the etiology of any back disability (thoracic or lumbosacral) diagnosed during the pendency of this appeal. This examination should not be scheduled at the Colorado Springs location.

Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. Access to the electronic claims file and a separate copy of this Remand must be provided to the examiner for review in conjunction with the examination, and the examiner must note the review. 

The examiner should opine as to whether it is "at least as likely as not" that the Veteran has a back disability that had its onset in service or is otherwise related to his active service. Rationale for any and all opinions should be provided. The examiner is asked to specifically consider and address the May 4, 2016 private opinion from Dr. D. 

2. Then, the Veteran should be afforded a new examination to determine the nature and etiology of his claimed acquired psychiatric disorder, to include PTSD, depression, and anxiety. This examination should not be scheduled at the Colorado Springs location.

Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. Access to the electronic claims file and a separate copy of this Remand must be provided to the examiner for review in conjunction with the examination, and the examiner must note the review. 

For each psychiatric disorder identified on examination, the examiner should opine as to whether it is "at least as likely as not" that such disorder has its onset in service or is otherwise related to his active service.

The examiner should also opine, based on a review of the evidence, whether it is "at least as likely as not" that the Veteran's claimed in-service personal assault occurred. If so, opine whether the Veteran has PTSD that is related to that stressor. Rationale for any and all opinions should be provided.

3. The Veteran must be given adequate notice of the date and place of any requested examinations. A copy of all notifications, including the address where the notice was sent, must be associated with the electronic claims file. The Veteran is to be advised that failure to report for a scheduled VA examination without good cause shown may have adverse effects on his claim.

4. Following any additional indicated development, the AOJ should review the electronic claims file and readjudicate the Veteran's claims. The AOJ must specifically address the May 2016 private opinion, as well as any other pertinent and relevant evidence received since the last adjudication of this case, including any evidence associated with the electronic claims file in conjunction with this remand. If the benefits sought on appeal remain denied, the Veteran and his attorney should be furnished a supplemental statement of the case and given the opportunity to respond thereto before the case is returned to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).